**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| KAYLA BELCHER | ) | |
| 11402 Aristotle Drive #103 | ) | |
| Fairfax, VA 22050 | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.:_____ |
| | ) | |
| MILL CREEK RESIDENTIAL TRUST | ) | **JURY TRIAL DEMANDED** |
| RESOURCES, LLC | ) | |
| **Serve:** | ) | |
| Charles R. Brindell, Jr. | ) | |
| 2001 Bryan Street, Suite 3275 | ) | |
| Dallas, TX 75201 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Kayla Belcher, by and through undersigned counsel, hereby complains as follows against Defendant Mill Creek Residential Trust Resources, LLC.

## INTRODUCTION

1. Plaintiff Kayla Belcher ("Plaintiff" or "Ms. Belcher"), has initiated this action to redress violations by Defendant Mill Creek Residential Trust Resources, LLC of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA"). Plaintiff was terminated from her employment for taking insurer-approved medical leave for FMLA-qualifying conditions. As a result, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff has raised federal claims herein under the FMLA.

1

3.     This Court has personal jurisdiction over Defendant because Defendant operates in Virginia.

4.     Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

## PARTIES

5.     The foregoing paragraphs are incorporated herein as if set forth in full.

6.     Ms. Belcher is an adult individual with an address as set forth above.

7.     Defendant Mill Creek Residential Trust Resources, LLC is Texas Limited Liability Company.

8.     Defendant Mill Creek Residential Trust Resources, LLC is not authorized to operate in the Commonwealth of Virginia pursuant to § 13.1-1007 but operates in the Commonwealth of Virginia anyway.  It operates numerous wholly owned subsidiaries for the various properties it owns and/or manages throughout Virginia and the intricacies of this corporate network are unknown at this time.

9.     Defendant employed Ms. Belcher until she was terminated on January 24, 2018.

10.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein as if set forth in full.

2

12.     Ms. Belcher was hired by Defendant in 2016 to work as a Community Manager for the apartment complex "Moderna Fairfax Ridge" located at 3887 Fairfax Ridge Road, Fairfax, VA 22030. Moderna Fairfax Ridge is owned and/or operated by Mill Creek Residential Trust, LLC ("MCRT"). During her employment she had never been subjected to a suspension or threat of termination and her above average performance was documented through annual performance reviews.

13.     On or about November 17, 2017 Ms. Belcher notified Regional Manager Jennifer Kosiak ("Ms. Kosiak") that she needed to apply for unpaid medical leave to care for her disabled mother on a temporary basis.

14.     Immediately upon receipt of this notice, Ms. Kosiak interfered with Ms. Belcher's request by falsely telling Ms. Belcher her need for unpaid medical leave would not be covered by FMLA.

15.     On November 13, 2017, Cigna Leave Solutions, a third-party provider confirmed Ms. Belcher's eligibility for unpaid, continuous, FMLA leave. Cigna Leave Solutions provided in writing that Ms. Belcher was eligible for 472 hours of FMLA leave, or the time period between December 20, 2017 to January 22, 2018.

16.     Ms. Belcher's leave was approved through January 22, 2018.

17.     Despite Ms. Belcher's approved leave, Ms. Kosiak continually requested that Ms. Belcher end her approved FMLA leave early and return to work. Ms. Kosiak made Ms. Belcher aware that Ms. Belcher's use of protected leave caused an inconvenience to Ms. Kosiak; despite the fact that Ms. Belcher continued to monitor her email account and respond to emails on a daily basis while on FMLA leave.

18. While Ms. Belcher was on FMLA leave, Ms. Kosiak attempted to replace her permanently by requesting Human Resources find a temporary or temporary-to-permanent employee to replace Ms. Belcher.

19. Due to Ms. Kosiak's complaints, Ms. Belcher returned early from her FMLA leave on January 4, 2018.

20. On January 10, 2018, Ms. Kosiak informed Ms. Belcher that she would be terminated. Ms. Kosiak claimed the reason for this was because Ms. Belcher had obtained a real estate agent's license in August 2017. Ms. Kosiak was aware of Ms. Belcher's real estate license for several months before Ms. Belcher took FMLA leave. There is no provision in MCRT's employee handbook that prohibits an employee from holding a real estate agent's license during their employment with the company.

21. On January 24, 2018, forty-eight (48) hours after Ms. Belcher's FMLA leave would have ended, MCRT sent Ms. Belcher a termination package that claimed Ms. Belcher voluntarily resigned her position. At not time did Ms. Belcher write or send a resignation letter and she was terminated that day.

22. The Defendant terminated Ms. Belcher based on her use of FMLA leave and sought to hide it by falsely accusing Ms. Belcher of voluntarily resigning.

23. Ms. Kosiak, as a Regional Manager, is knowledgeable, or should have been knowledgeable, about the Defendant's affirmative obligations under the FMLA including the obligations not to interfere with Ms. Belcher's entitlements as set forth under 29 C.F.R. § 825.220.

24. By terminating Ms. Belcher for using medical leave, the Defendant failed to meet their statutory burden complying with the FMLA in good faith when an employee uses leave for a protected reason. *See* 29 C.F.R. § 825.

4

25.     Ms. Belcher was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

26.     Ms. Belcher had worked at least 1,250 hours for Defendant during the twelve (12) months prior to her taking her leave of absence, on December 20, 2017.

27.     Defendant employed in excess of fifty (50) employees within seventy-five (75) miles of the location where Plaintiff worked during the time of her termination.

## COUNT I
### Violations of the Family and Medical Leave Act
### (Interference)

28.     The foregoing paragraphs are incorporated herein as if set forth in full.

29.     Ms. Belcher requested temporary leave to take care of a relative with a disability.

30.     Ms. Belcher was entitled to leave pursuant to the FMLA when she took her leave between December 20, 2017 and January 4, 2018.

31.     Ms. Belcher provided notice to Defendant that her relative, her mother, had a disability and needed care. Cigna Leave Services approved Ms. Belcher's leave. Ms. Belcher, due to complaints from her superior Ms. Kosiak, returned early from her scheduled leave and was terminated shortly after.

32.     As a result, Plaintiff suffered damages as set forth herein.

## COUNT II
### Violations of the Family and Medical Leave Act
### (Retaliation)

33.     The foregoing paragraphs are incorporated herein as if set forth in full.

34.     Ms. Belcher provided notice to Defendant that her mother had a disability and Ms. Belcher needed to take time off to care for her and received approval to do so before taking time off of work.

35.     Defendant retaliated against Ms. Belcher by firing Ms. Belcher for taking approved leave.

36.     Defendant was not permitted to retaliate against Plaintiff for exercising her rights under the FMLA.

37.     Defendant violated Ms. Belcher's reinstatement rights by terminating her after she returned for a pretextual reason.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court enter an Order providing that:

A.     Defendant are prohibited from continuing to maintain its illegal policy, practice or custom of interfering with and retaliating against employees who exercise or who attempt to exercise their rights under the FMLA and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B.     Defendant compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C.     Plaintiff be awarded liquidated damages pursuant to the FMLA because Defendant's violations of the FMLA were without good faith.

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal law; and

F.     Plaintiff is permitted to have a trial by jury.

Respectfully Submitted
Plaintiff
By Counsel

Dated: March 1, 2019.

___/s/_____
Matthew T. Sutter, Esq., VSB 66741
Sutter & Terpak, PLLC
7540A Little River Turnpike
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-1661
Email: matt@sutterandterpak.com
Counsel for Plaintiff